# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MIDAMERICA HEALTH, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Action No.: 2:25-cv-_____ |
| | ) |
| **CHS AL, LLC, d/b/a YESCARE CORP.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, MidAmerica Health, Inc. ("MAH"), by and through its undersigned counsel, and alleges against Defendant CHS AL, LLC d/b/a YesCare Corp. ("YesCare") the following:

## PARTIES

1. MAH is an Indiana corporation with its principal place of business in Indiana.

2. Upon information and belief, CHS AL, LLC d/b/a YesCare Corp. is an Alabama limited liability company. CHS AL, LLC's principal place of business is located at 205 Powell Place, Suite 104, Brentwood, Tennessee. Upon information and belief, the sole member of CHS AL, LLC is YesCare Corp., a Texas corporation with its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee.

1

3. Because the parties are citizens of different states and the matter in controversy exceeds $75,000.00, this Court has jurisdiction over the subject matter of this Complaint.

4. YesCare conducts business within the state of Alabama, has sufficient contacts with the state to subject it to personal jurisdiction of the state, and is therefore subject to both the jurisdiction and the venue of this Honorable Court.

## FACTS

5. On September 26, 2022, the Alabama Department of Corrections ("ADOC") announced Request for Proposal 2022-04, seeking to let a contract for "Comprehensive Health Services" for various ADOC facilities.

6. The winning bidder, awarded Contract # C-2200521295 worth over $1 billion, was "CHS AL, LLC," an entity formed in early 2022 by longtime nationwide correctional healthcare contractor Corizon, as it was in the midst of a nationwide "rebrand" as "YesCare Corp." CHS AL, LLC was the Alabama entity formed to carry on as YesCare.

7. On April 1, 2023, YesCare entered into a contract with MAH pursuant to which MAH would supply dental staffing, services, and supplies in support of YesCare's contract with ADOC.

8. The contract obliged YesCare to compensate MAH according to a schedule of payments attached to and incorporated by reference into the contract. The schedule

also provided that MAH was to invoice YesCare monthly, each such invoice being 1/12 of the annual contract value and paid by "the 15th of the month following service." Finally, the contract detailed that circumstances including staffing could result in certain adjustments—sometimes referred to as "paybacks"— to the amount due, and instructed the parties how to account for those adjustments.

9. Additionally, the ADOC/YesCare contract anticipated that at various times, certain dental equipment was to be purchased and state funds were to be used from the "ADOC – OHS Healthcare Equipment Escrow Account" to reimburse the purchaser. By contract and practice, MAH occasionally consummated such purchases and invoiced the charges to YesCare, which invoiced ADOC and paid MAH upon receipt of reimbursement.

10. For the operative timeframe at issue in this complaint, YesCare's contract with MAH required it to pay $699,595.00 per month, subject to the "paybacks" that could later adjust the amount due.

11. From the inception of the parties' contract until early this year, YesCare timely paid MAH's invoices.

12. On October 10, 2024, MAH purchased a ProCart-brand Portable Dental Cart, to be kept and used at Staton Correctional Facility in Elmore County. MAH passed on that charge to YesCare via Invoice No. 2025000067, dated February 14, 2025, in the amount of $10,602.08.

13. YesCare has failed to pay that invoice.

14. On July 24, 2025, YesCare notified MAH by letter that it intended to terminate the contract effective October 31, 2025.

15. On July 31, 2025, MAH generated and transmitted to YesCare Invoice No. 2025000482 for MAH's services rendered during the month of July.

16. YesCare has failed to pay that invoice.

17. On August 31, 2025, MAH generated and transmitted to YesCare Invoice No. 2025000542 for MAH's services rendered during the month of August.

18. YesCare has failed to pay that invoice.

19. On June 5, 2025, MAH purchased a DCI-brand Dental Chair and Light, to be kept and used at Donaldson Correctional Facility in Jefferson County. MAH passed on that charge to YesCare via Invoice No. 2025000570, dated September 10, 2025, in the amount of $15,325.58.

20. YesCare has failed to pay that invoice.

21. On September 4, 2025, a YesCare employee named Tracy Bartoli, who resides and works outside of Alabama, filed paperwork with the Alabama Secretary of State in order to incorporate Quality Dental Associates of Alabama, P.C. ("Quality Dental") as an Alabama domestic professional corporation. Quality Dental's principal place of business is located at YesCare's Brentwood, Tennessee office: 205 Powell Place, Suite 104.

22. In late September, MAH became aware that YesCare was directly soliciting the contract dentists whom MAH was supplying to YesCare. Specifically, MAH learned that YesCare was endeavoring to directly hire those dentists in order to eliminate MAH from its role as subcontractor.

23. On September 30, 2025, MAH generated and transmitted to YesCare Invoice No. 2025000608 for MAH's services rendered during the month of September.

24. YesCare has failed to pay that invoice.

25. On October 1, 2025, in light of YesCare's failure to pay previous invoices, YesCare's notification that it would be terminating the contract with MAH at the end of the month, and MAH's discovery that YesCare was endeavoring to directly hire the same dentists MAH had been supplying, MAH notified YesCare that MAH was ceasing operations within the state of Alabama. This information was relayed via a letter sent via electronic mail ("e-mail") sent at 3:12 p.m.

26. Because YesCare had already fully formulated a plan to offer dental services without MAH, YesCare sent an e-mail to MAH's contract dentists that same day, just a little over 2 hours after receiving notice from MAH. YesCare's e-mail instructed the dentists to report for work, now as employees of Quality Dental, the very next day.

27. MAH's October 1 correspondence had itemized the sums due from YesCare to MAH and demanded payment within 10 business days of the date of the letter.

MAH's demand accounted for certain revisions to the gross amount due in order to reflect "paybacks" contemplated by the contract.

28. Information received following the October 1 correspondence has warranted further revisions of the amount due from YesCare to MAH. MAH has calculated the final amount due under the contract, as adjusted for all applicable "paybacks."

29. The amount due from YesCare to MAH is as follows:

| Invoice Date | Invoice No. | Gross Charge | Payback | Adjustment | Net Due |
|---|---|---|---|---|---|
| 02/14/2025 | 2025000067 | $10,602.08 | | | $10,602.08 |
| 07/31/2025 | 2025000482 | $699,595.00 | | | $710,197.08 |
| 08/29/2025 | 2025000542 | $699,595.00 | | | $1,409,792.08 |
| 09/10/2025 | 2025000570 | $15,325.58 | | | $1,425,117.66 |
| 09/30/2025 | 2025000608 | $699,595.00 | | | $2,124,712.66 |
| | | | Q2 2025 | ($239,163.86) | $1,885,548.80 |
| | | | Q3 2025 | ($201,269.58) | $1,684,279.22 |
| | | | Q4 2025 | ($172,978.59) | $1,511,300.63 |
| TOTAL | | | | | **$1,511,300.63** |

30. Since MAH's October 1 correspondence, YesCare has neither paid nor agreed to pay any or all of the invoices listed above, nor has YesCare paid or agreed to pay any amount alleged as due and owing herein.

## COUNT ONE - BREACH OF CONTRACT

31. MAH adopts, reasserts, and incorporates by reference its allegations in paragraphs 1-30 as if separately set forth herein.

32. MAH and YesCare, each possessing capacity to contract with one another, entered into a valid, binding, and enforceable agreement that was reduced to writing, reflected key terms, and was supported by consideration.

33. In compliance with the parties' agreement and expectations, MAH supplied YesCare with the bargained-for performance, both in the form of necessary and state-requested dental equipment and in the form of critical dental services which were at the core of the contractual relationship between YesCare and MAH.

34. Despite MAH's performance, YesCare has breached the terms of the agreement between it and MAH by failing to remit payment for any of the invoices detailed above.

35. As a result of YesCare's breach, MAH has been damaged, as detailed herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MAH demands judgment against Defendant YesCare for money damages in the amount of

$1,511,300.63, plus prejudgment interest, legal fees, and costs, and such other relief as the Court deems just and necessary, for breach of contract.

## COUNT TWO - ACCOUNT STATED

36. MAH adopts, reasserts, and incorporates by reference its allegations in paragraphs 1-30 as if separately set forth herein.

37. MAH provided YesCare with a statement of account.

38. MAH provided YesCare with invoices detailing the services and equipment provided and the fees and reimbursements owed.

39. The statement of account from MAH to YesCare showed a balance due from YesCare to MAH.

40. YesCare has refused to pay the balance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MAH demands judgment against Defendant YesCare for money damages in the amount of $1,511,300.63, plus prejudgment interest, legal fees, and costs, and such other relief as the Court deems just and necessary, for account stated.

## COUNT THREE – OPEN ACCOUNT

41. MAH adopts, reasserts, and incorporates by reference its allegations in paragraphs 1-30 as if separately set forth herein.

42. MAH maintained an account for YesCare based on continuing transactions between the parties.

43. MAH maintained an open account for YesCare, recording all fees and reimbursements owed.

44. Both MAH and YesCare expected that MAH would continue to provide services and purchase and provide equipment needed for various facilities, and that YesCare would make payments on the account.

45. YesCare has failed to pay the balance due on the account.

46. Despite demands for payment, YesCare has failed to pay the balance of $1,511,300.63 due.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MAH demands judgment against Defendant YesCare for money damages in the amount of $1,511,300.63, plus prejudgment interest, legal fees, and costs, and such other relief as the Court deems just and necessary, for open account.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted, this the 12th day of November, 2025,

*s/ Jonathan M. Hooks*
JONATHAN M. HOOKS (ASB-0866-A36H)
*Attorney for Plaintiff MidAmerica Health, Inc.*

**OF COUNSEL:**
WEINBERG WHEELER HUDGINS GUNN & DIAL LLC
One Corporate Parkway
One Lake Level
Birmingham, Alabama 35242
205.572.4100 – telephone
jhooks@wwhgd.com

<u>To be served via Certified Mail:</u>

CHS AL, LLC
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104